# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEUDY JORGE BENJAMIN CORDERO,

Petitioner,

v.

U.S. ATTORNEY GENERAL/ICE,

Respondents.

Case No. 1:26-cv-02500-JLT-EPG-HC

ORDER CONSTRUING PETITIONER'S MOTION FOR IMMEDIATE RELEASE AS A MOTION TO AMEND

ORDER DIRECTING RESPONDENT TO FILE A RESPONSE

Petitioner is a federal immigration detainee proceeding *pro se* with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 17, 2026, Respondent filed a response, arguing that "Petitioner is an 'applicant for admission' who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)." (ECF No. 7 at 1.) Respondent also stated that "an order of removal has been issued against [Petitioner] on April 2, 2026" and "Petitioner reserved appeal and the appeal period before the Board of Immigration Appeals expires on May 2, 2026." (Id. at 2.) On June 26, 2026, the Court ordered supplemental briefing on the impact of the removal order on the petition. (ECF No. 8.)

On July 10, 2026, Respondents filed a motion to dissolve the Court's no-transfer order and dismiss the petition in light of the change to detention authority. (ECF No. 9.) On August 3, 2026, Petitioner filed a motion for immediate release, arguing that Respondents failed to remove him to Cuba within the ninety-day removal period. (ECF No. 10.)

The Court construes Petitioner's motion for immediate release as a motion to amend the petition and a first amended petition raising a claim pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). See United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. We are specifically directed to construe pro se pleadings liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates." (internal quotation marks and citations omitted)).

A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the motion to amend was filed more than 21 days after service of Respondents' responsive pleading and thus, Petitioner may amend the petition only with Respondents' written consent or the Court's leave.

Accordingly, within fourteen (14) days of the date of service of this order, Respondents SHALL FILE an opposition or statement of non-opposition to the motion to amend (ECF No. 10).

IT IS SO ORDERED.

Dated: **August 5, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE