# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEUDY JORGE BENJAMIN CORDERO,<br>Petitioner,<br>v.<br>U.S. ATTORNEY GENERAL/ICE,<br>Respondents. | Case No. 1:26-cv-02500-JLT-EPG-HC<br>ORDER GRANTING PETITIONER'S MOTION TO AMEND<br>(ECF No. 10)<br>ORDER APPOINTING COUNSEL<br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner is an immigration detainee proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**A. Amendment**

On April 17, 2026, Respondent filed a response, arguing that "Petitioner is an 'applicant for admission' who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)." (ECF No. 7 at 1.) Respondent also stated that "an order of removal has been issued against [Petitioner] on April 2, 2026" and "Petitioner reserved appeal and the appeal period before the Board of Immigration Appeals expires on May 2, 2026." (Id. at 2.) On June 26, 2026, the Court ordered supplemental briefing on the impact of the removal order on the petition. (ECF No. 8.)

On July 10, 2026, Respondents filed a motion to dissolve the Court's no-transfer order and dismiss the petition in light of the change to detention authority. (ECF No. 9.) On August 3, 2026, Petitioner filed a motion for immediate release, arguing that Respondents failed to remove

him to Cuba within the ninety-day removal period. (ECF No. 10.) The Court construed Petitioner's motion for immediate release as a motion to amend. (ECF No. 11.) On August 19, 2026, Respondents filed an opposition to the motion to amend.

A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Respondents argue:

> The court should rule on the pleadings already filed. Permitting Petitioner to file an amended habeas petition or entertaining Petitioner's construed amended habeas petition after the substantive briefing (and supplemental briefing) has concluded prolongs the instant matter and may indirectly encourage other detainees to file numerous amended habeas petitions during the course of their federal cases without due regard to merit, rules of procedure, resources, or judicial economy. Adjudication on the current pleadings brings finality. If an adverse decision results from a court, typically a detainee still has recourse and may choose to later file another habeas petition should new circumstances warrant resulting in constitutional violations.
>
> Additionally, Petitioner's construed amended habeas petition does not present any cognizable claims for relief. For instance, Petitioner notes he is "still in custody over 112 days after my last court date" and that he would love to stay in the United States and is scared to return to his country. (ECF 10). An alien is entitled to habeas relief after a presumptively reasonable six-month period of detention under § 1231(a)(6) only upon demonstration that the detention is "indefinite"—i.e., that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th

> Cir. 2008)(internal citations omitted). Petitioner's removal order became final on or about May 2, 2026, and Petitioner has been in ICE custody pursuant to that final order of removal for approximately 109 days to date. As Petitioner has not been in custody pursuant to a final order of removal beyond six months, Petitioner's detention is presumptively reasonable.

(ECF No. 12 at 2.)

"In *Zadvydas,* the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to secure removal,' and it further held that six months is a presumptively reasonable period." Jennings v. Rodriguez, 583 U.S. 281, 298–99 (2018) (internal citations omitted). However, the "six-month presumption of reasonability under *Zadvydas* is 'just that—a presumption.'" Burunsuzyan v. Noem, No. 5:26-CV-00049-RGK-AGR, 2026 WL 246067, at *5 (C.D. Cal. Jan. 27, 2026) (quoting Clark v. Martinez, 543 U.S. 371, 387 (2005) (O'Connor, J., concurring)). "Such a presumption is not a 'prohibition on claims challenging detention less than six months.'" Burunsuzyan, 2026 WL 246067, at *5 (quoting Hoang Trinh v. Homan, 333 F. Supp. 3d 984, 993 (C.D. Cal., 2018)). "The central holding of *Zadvydas* is that section 1231(a)(6) does not permit detention beyond the initial 90-day removal period when removal is not reasonably foreseeable. At no point did the *Zadvydas* Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period." Hoang Trinh v. Homan, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) (citation omitted). Accord Ndandu v. Noem, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) ("Multiple district courts have found that the six-month presumption is rebuttable.") (collecting cases).

Here, there is no evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182. Thus, the Court finds that justice requires granting leave to amend.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir.

2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (citing S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); Flam, 788 F.3d at 1046).

"It should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive[.]" Bastidas, 791 F.3d at 1164. Given that granting the unopposed motion to amend in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant the motion.

**B. Appointment of Counsel**

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The Court finds that the interests of justice would be served by the appointment of counsel given the complexity of the legal issues involved.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to amend (ECF No. 10) is GRANTED.
2. Counsel is APPOINTED for Petitioner.
3. The Clerk of the Court shall serve a copy of this order and a copy of the petition, via

email, on the Federal Defender's Office at cae_appointments_habeas@fd.org.

4. Within **SEVEN (7) days** of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL identify counsel and send counsel's contact information to undersigned's courtroom deputy and counsel will be added as counsel for Petitioner.
5. Such appointment, as necessary, will be *pro hac vice* to the CJA Panel and to this District in this matter only.
6. This appointment will be *nunc pro tunc* to the Federal Defender contacting counsel about this appointment on a date given to the courtroom deputy.
7. Within **THIRTY (30) days** of the date of service of this order, Petitioner SHALL FILE an amended petition.
8. Within **TWENTY-ONE (21) days** of the date of service of the amended petition, Respondent SHALL FILE a RESPONSE to the amended petition, including **addressing whether this case is distinguishable from those cases in which this Court has granted habeas relief**.
9. Within **TWENTY-ONE (21) days** of the date of service of the amended petition, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the amended petition.
10. Within **FOURTEEN (14) days** of the date of service of Respondents' response, Petitioner MAY FILE a reply.

IT IS SO ORDERED.

Dated: **August 26, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE