**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEUDY JORGE BENJAMIN CORDERO,<br>Petitioner,<br>v.<br>U.S. ATTORNEY GENERAL/ICE, et al.,<br>Respondents. | No. 1:26-cv-02500-JLT-EPG (HC)<br>A-Number: 203-698-770<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br>(Docs. 1, 20) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 5, 2026, the magistrate judge issued findings and recommendations to grant the Petition and order Petitioner's immediate release. (Doc. 20.) On November 20, 2026, Respondents filed objections asserting that they objected "[f]or the reasons set forth in Respondents' previous briefing." (Doc. 21 at 1.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondent's generalized objections, the Court concludes the findings and recommendations are supported by the record and proper analysis as to Petitioner's entitlement to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents do not suggest removal of Petitioner to his native Cuba is likely. Instead, they seek to remove him to Mexico without his consent. (*See* Doc. 15 at 3; Doc. 20 at 4.) As this Court has

held on numerous occasions, third country removal to Mexico cannot be accomplished without the non-citizen's consent. See *Cruz v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-05760 JLT EPG (HC), 2026 WL 2582421, at *2 (E.D. Cal. Sept. 1, 2026).

The Court declines to address Petitioner's additional, more general request for procedural protections against other third country removals. Petitioner has only been threatened with third country removal to Mexico, which cannot be effectuated without his consent. Absent some indication that removal to a third country other than Mexico has been contemplated, any harm from Respondents' general third country removal practices is speculative. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on November 5, 2026, (Doc. 20), are **ADOPTED IN PART**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Petitioner's request for immediate release is **GRANTED**.
4. Respondents are directed to immediately release Petitioner under appropriate conditions of supervision set forth in 8 C.F.R. § 241.5.
5. Respondents are enjoined and restrained from re-detaining Petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.
6. Respondent' motion to dismiss is **TERMINATED** as moot.
7. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.
8. The Clerk of Court is directed to **CLOSE THE CASE** and terminate all pending motions.

IT IS SO ORDERED.

Dated: Nov. 24, 2026

JENNIFER L. THURSTON
U.S. District Judge